VENTURTECH II, Limited Partnership; North Riverside Venture, Inc.; and Heritage Capital Corporation, Plaintiffs,

v.

DELOITTE HASKINS & SELLS, Defendant/Third–Party Plaintiff,

v.

LEARNING RESOURCES, INC., Kitty Hawk Capital, Inc., Christopher W. Hegele, Robert L. Chapman, and Thomas Barry, Third–Party Defendants and Additional Third–Party Plaintiffs,

v.

GREYLOCK PARTNERS & CO.; Advanced Technology Development Fund; David L. Strohm and Ronald W. White, Additional Third–Party Defendants.

No. 88–1012–CIV–5–H.

United States District Court, E.D. North Carolina, Raleigh Division.

Feb. 24, 1992.

See also 790 F.Supp. 576.

William E. Sumner, Stephen J. Anderson, Sumner & Hewes, Atlanta, Ga., Daniel K. Bryson, Maupin Taylor Ellis & Adams, Raleigh, N.C., for plaintiffs & Thomas Barry.

James T. Williams, Jr., Jeffrey E. Oleynik, Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, N.C., for defendants.

Richard D. Stephens, Lynn O. Wenige, Kennedy, Covington, Lobdell & Hickman, Charlotte, N.C., for Kitty Hawk Capital, Inc., and Christopher W. Hegele.

James D. Blount, Jr., Michael E. Weddington, Smith, Anderson, Blount, Dorsett, Michael & Jernigan, Raleigh, N.C., for Greylock Partners & Co. and David L. Strohm.

L. Joseph Loveland, Stephanie E. Parker, King & Spalding, Atlanta, Ga., for Advanced Technology Dev. Fund and Ronald W. White.

## ORDER

MALCOLM J. HOWARD, District Judge.

On February 3, 1992, this court entered an order, upon motion of the plaintiffs, reinstating the plaintiffs' federal securities claims under § 10(b) and Rule 10b–5 of the Securities Exchange Act of 1934 ("the 1934 Act"). Subsequently, the court learned that the defendant had been granted an extension of time in which to file a response to the plaintiffs' motion for reinstatement. Therefore, after receiving and reviewing the defendant's response and the plaintiffs' reply, the court, on its own initiative, has reconsidered the motion for reinstatement and affirms its order of February 3, 1992.

As the facts in this case have been stated previously in numerous orders of this court, the court dispenses with a further recitation of the facts. The court's prior order of reinstatement was based upon § 476 of the Federal Deposit Insurance Corporation Improvement Act of 1991, Pub.L. No. 102–242, to be codified as § 27A of the 1934 Act, 15 U.S.C. § 78aa–1. Section 476 overruled the retroactive application of the statute of limitations announced in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, —— U.S. ——, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991), as directed by the Supreme Court's holding in *James B. Beam Distilling Co. v. Georgia*, —— U.S. ——, 111 S.Ct. 2439, 2448, (1991). Simply stated, § 476 requires the reinstatement upon timely motion by the plaintiff of any § 10(b) claims dismissed as time barred after *Lampf* which otherwise were timely according to pre-*Lampf* law applicable in the jurisdiction.

The defendant has raised several legal and constitutional challenges to § 476 and the reinstatement of the plaintiffs' claims resulting from its application. First, the defendant contends that the pre-*Lampf* law in this jurisdiction was the one year/three year period adopted in *Lampf* because of the understanding that courts find the law, not make it. However, the

defendant cites no case from this jurisdiction in which the one year/three year limitations period was applied prior to June 19, 1991. In its brief in support of its motion for summary judgment filed August 21, 1991, the defendant recognized that the limitations period announced in *Lampf* was a "new" rule which deviated from the past practice of borrowing an analogous state law statute of limitations for § 10(b) and Rule 10b–5 actions. Def.'s Br. in Support of Mot. for Summ. J. at 6. Thus, this court cannot conclude that the Supreme Court in *Lampf* merely "found" the existing law in this jurisdiction when it announced the one year/three year scheme.

■ Secondly, the defendant asserts that *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), requires the retroactive application of the *Lampf* decision. The *Chevron* doctrine allows a court to refuse to give retroactive effect to a judicial decision if three requirements are satisfied. The *Chevron* doctrine is a judicial doctrine; it has no application to the congressional legislative process. This court cannot invoke the *Chevron* doctrine as authority to second guess Congress' decision not to apply *Lampf* retroactively.

■ Finally, the defendant argues that § 476 is unconstitutional because it violates the separation of powers, due process, and equal protection. The court finds no violation of the principles of separation of powers. Congress, through § 476, is not directing a particular finding of fact or decision on the merits. The new provision only prohibits the application of a new rule of law. Additionally, Congress has not attempted to change the result in certain cases without changing the underlying law. Congress changed the law by preserving the statutes of limitations applicable in § 10(b) and Rule 10b–5 cases filed prior to June 19, 1991.

Likewise, the court finds neither a due process violation nor an equal protection violation. Statutes of limitations do not create vested rights. *Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945). The defendant participated in this litigation for two and one-half years under the presumption that the § 10(b) and Rule 10b–5 claims were not

time barred. Although the *Lampf* decision may have given the defendant an opportunity to avoid litigating the § 10(b) and Rule 10b–5 claims, the reinstatement of those claims presents no special hardship or unfair surprise. Furthermore, because § 476 does not affect a protected class of persons, and it is rationally related to a reasonable legislative objective, the court finds no equal protection violation.

Accordingly, after reconsidering the plaintiffs' motion for reinstatement in light of the defendant's arguments, this court finds that the reinstatement of the plaintiffs' securities claims under § 10(b) and Rule 10b–5 is required pursuant to § 27A of the 1934 Act. This court affirms its order of February 3, 1992, ordering the reinstatement of the plaintiffs' claims.