802 F.Supp. 110 (1992)
In re ROSPATCH SECURITIES LITIGATION.
ATLANTIS GROUP, INC., Plaintiff,
v.
ROSPATCH CORPORATION, et al., Defendants.
PLATO PAPER PRODUCTS, INC., et al., Plaintiffs,
v.
ROSPATCH CORPORATION, et al., Defendants.
Alan FREBERG, Plaintiff,
v.
ROSPATCH CORPORATION, et al., Defendants.
Nos. 1:90-CV-805, 1:90-CV-806 and 1:91-CV-85.
United States District Court, W.D. Michigan, S.D.
May 7, 1992.
*111 Theodore Souris, James Albert Smith, Bodman, Longley & Dahling, Detroit, Mich.; James W. Beasley, Jr., Steven M. Katzman, Cadwalader, Wickersham & Taft, Palm Beach, Fla.; Grant B. Hering, Cadwalader, Wickersham & Taft, New York City; Robert H. Yaffe, Miami Beach, Fla.; Stanley R. Wolfe, Jay Robert Stiefel, Janice Siegel, Berger & Montague, P.C.; Stuart H. Savett, Jeanne P. Wrobleski, Kohn, Nast & Graf, P.C., Philadelphia, Pa.; William J. Waddell, Boyden, Waddell & Timmons, Grand Rapids, Mich.; Elwood S. Simon, Elwood S. Simon & Assoc., Bloomfield Hills, Mich.; and Robert I. Harwood, Wechsler, Skirnick, Harwood, Halebian & Feffer, New York City, for plaintiffs.
Grant J. Gruel, Gruel, Mills, Nims & Pylman, Grand Rapids, Mich.; Gregory L. Curtner, Carl H. von Ende, Gary W. Faria, David D. Joswick, Miller, Canfield, Paddock & Stone, Detroit, Mich.; Mercer K. Clarke, Miami, Fla.; William R. Golden, Jr., Kelley, Drye & Warren, New York City; Terence J. Ackert, L. Roland Roegge, Carol D. Carlson, Smith, Haughey, Rice & Roegge, P.C., Grand Rapids, Mich.; James N. Nowacki, William R. Jentes, Marchell M. Willian, Craig T. Boggs, Kirkland & Ellis, Chicago, Ill.; Michael Nachwalter, William J. Blechman, David H. Lichter, Kenny, Nachwalter, Seymour & Arnold, P.A., Miami, Fla.; Marta M. Manildi, Miller, Canfield, Paddock & Stone, Ann Arbor, Mich.; Boyd A. Henderson, Jon G. March, Thomas R. Knecht, Stephen R. Ryan, Miller, Johnson, Snell & Cummiskey, Grand Rapids, Mich.; Richard H. Critchlow, Mara Beth Sommers, McDermott, Will & Emery, Miami, Fla.; Peter W. Waldmeir, Miller, Canfield, Paddock & Stone, Detroit, Mich.; H. Rhett Pinsky, Pinsky, Smith, Fayette & Hulswit, Grand Rapids, Mich.; Stuart J. McGregor, *112 Miami, Fla.; William F. Hunting, Jr., David William Centner, Law, Weathers & Richardson, Grand Rapids, Mich.; Mark Hicks, Miami, Fla.; John W. Allen, Howard & Howard, P.C., Kalamazoo, Mich.; Fred W. Freeman, Richard W. Paul, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, Mich.; and Richard A. Glaser, Dickinson, Wright, Moon, Van Dusen & Freeman, Grand Rapids, Mich., for defendants.
OPINION DENYING PLAINTIFFS' MOTION FOR PARTIAL VACATUR AND MODIFICATION OF COURT'S OCTOBER 17, 1991 ORDER ON FEDERAL STATUTE OF LIMITATIONS
HILLMAN, Senior District Judge.
On June 20, 1991, the United States Supreme Court announced a new, uniform one-year/three-year statute of limitations for federal securities claims. Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, ___ U.S. ___, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991). In an amended opinion and order dated October 17, 1991, I applied the statute of limitations announced in Lampf retroactively to the section 10(b) securities claims in this lawsuit. That October 17, 1991 order had the effect of dismissing as time-barred some of plaintiffs' claims against defendant Arthur Andersen.
Plaintiffs now move for reinstatement of those dismissed claims under Section 27A of the Securities Exchange Act of 1934, a new section signed into law December 19, 1991. See Section 476 of the Federal Deposit Insurance Corporation Improvement Act of 1991, Pub.L. No. 102-242 (codified as 15 U.S.C. § 78aa-1). Plaintiffs contend that because Section 27A prohibits retroactive application of Lampf, this court's October 17, 1991 opinion is invalid and should be vacated.
In response, defendant Andersen maintains that Section 27A is unconstitutional. Andersen maintains that Section 27A violates the separation of powers doctrine and also violates the Supreme Court's rule against selective prospectivity announced in James B. Beam Distilling Co. v. Georgia, ___ U.S. ___, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991). The issues have been fully briefed and the matter is now ready for decision.

Legal Analysis

I. Retroactive application of Lampf in this case.
Prior to the Supreme Court's decisions in Lampf, federal courts were divided about the length and measurement of statutes of limitations in federal securities cases under Section 10(b). In my March 14, 1991 opinion 760 F.Supp. 1239 (W.D.Mich.) on motions to dismiss in this case, I discussed these divisions and noted that the Supreme Court had granted certiorari in Lampf to resolve this dispute. In re Rospatch Secur. Litig., 760 F.Supp. 1239, 1257 (W.D.Mich.1991). Before Lampf, the Sixth and Eleventh Circuits, whose law applies to this case, looked to analogous state law to determine the limitations period for federal securities cases. 760 F.Supp. at 1257-58 (citing cases). On the other hand, the Second, Third, and Seventh Circuits applied the limitations period contained in a different section of the 1934 Securities Exchange Act. See id. at 1257; Lampf, ___ U.S. at ___, 111 S.Ct. at 2781 (citing cases).
In Lampf, the Supreme Court followed the Second, Third and Seventh Circuits and adopted a uniform one-year/three-year statute of limitations for all claims under section 10(b). "The 1-year period, by its terms, begins after discovery of the facts constituting the violation.... The 3-year limit is a period of repose ... to impose an outside limit." At ___, 111 S.Ct. at 2782. Significantly, the Court applied this new statute of limitations retroactively to the facts of the case before it. See id. at ___, 111 S.Ct. at 2786-87 (O'Connor, J., dissenting on this issue).
Because the Supreme Court applied the new limitations period in the Lampf case, other federal courts are required to apply the Lampf limitations period retroactively. James B. Beam Distilling Co. v. *113 Georgia, ___ U.S. ___, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991) (announced the same day as Lampf). The Court in Beam held that, where the Supreme Court applies a new rule of law to the case in which the new rule is announced, the new rule of law must be applied retroactively in later cases. Id. at ___, 111 S.Ct. at 2441.
Based on Lampf and Beam, my amended opinion and order of October 17, 1991 held that the Lampf one-year/three-year limitations period applies retroactively to the facts of this case. As a result, plaintiffs' federal securities claims against defendant Andersen based on purchases of stock prior to November 8, 1987 were dismissed as time-barred under Lampf's three-year period of repose. Andersen was not added as a defendant in this case until November 8, 1990.

II. New Section 27A.
Plaintiffs now move to vacate this court's October 17, 1991 amended opinion and order and seek reinstatement of their claims under Section 27A. That section, enacted Dec. 19, 1991, provides:
SEC. 27A. (a) EFFECT ON PENDING CAUSES OF ACTION. The limitation period for any private civil action implied under section 10(b) of this Act that was commenced on or before June 19, 1991, shall be the limitation period provided by the laws applicable in the jurisdiction, including principles of retroactivity, as such laws existed on June 19, 1991.
(b) EFFECT ON DISMISSED CAUSES OF ACTION. Any private civil action implied under section 10(b) of this Act that was commenced on or before June 19, 1991, and
(1) which was dismissed as time barred subsequent to June 19, 1991, and
(2) which would have been timely filed under the limitation period provided by the laws applicable in the jurisdiction, including principles of retroactivity, as such laws existed on June 19, 1991, shall be reinstated on motion by the plaintiff not later than 60 days after Dec. 19, 1991.
15 U.S.C. § 78aa-1. Section 27A provides that the statute of limitations announced in Lampf shall not apply retroactively. Causes of action dismissed as time-barred under Lampf must be reinstated upon timely filed motion if they would have been timely filed prior to the Lampf decision.
By its substantive terms, Section 27A(b) applies to the claims against Andersen which were dismissed as time-barred in my October 17, 1991 amended opinion and order. Plaintiffs' claims, based on purchases of stock as early as March of 1987, would be timely filed under either Michigan's six-year limitations period or Florida's five-year statute  the applicable limitations periods on June 19, 1991 prior to the Lampf decision. See 760 F.Supp. at 1257-58.
However, plaintiffs' motion for partial vacatur and modification was filed on February 19, 1992, the 62nd day after enactment of Section 27A. Section 27A(b) clearly provides that dismissed causes of action shall be reinstated on motion by plaintiff "not later than 60 days after Dec. 19, 1991." Plaintiffs' motion was filed too late to comply with the provisions for reinstatement of claims under Section 27A(b). This court is without authority to ignore the deadline contained in the statute. Especially where statutes of limitation are involved, timeliness is crucial and delays, no matter how small, can often result in dismissal of claims.
Because plaintiffs failed to comply with the terms of Section 27A(b), plaintiffs' motion for partial vacatur and modification of this court's October 17, 1991 amended opinion and order is denied.

III. Constitutionality of Section 27A.
In addition to plaintiffs' failure to seek reinstatement within the sixty days provided by the statute, it is this court's opinion that Section 27A is unconstitutional. In concluding that Section 27A is unconstitutional, the court has reviewed a number of district court decisions on this issue. See *114 In re Brichard Secur. Litig., 788 F.Supp. 1098 (N.D.Cal.1992); Bank of Denver v. Southeastern Capital Group, Inc., 789 F.Supp. 1092 (D.Col.1992); TGX Corp. v. Simmons, 786 F.Supp. 587 (E.D.La.1992) (declaring Section 27A unconstitutional). See also TBG Inc. v. Bendis, No. 89-24230, 1992 WL 80622 (D.Kan., Mar. 5, 1992); Ayers v. Sutliffe, C-1-90-650, 1992 WL 207235 (S.D.Ohio Feb. 11, 1992); Bankard v. First Carolina Communications, Inc., No. 89 C 8571, 1992 WL 3694, 1992 U.S. Dist. LEXIS 53 (N.D.Ill. Jan. 3, 1992) (finding Section 27A constitutional).[1] The analysis of Judge Legge in In re Brichard Secur. Litig., supra, was particularly persuasive to this court and is adopted here.

A. Section 27A violates separation of powers.
First, Section 27A violates the separation of powers doctrine by directing the outcome of pending cases before the judicial branch of government without changing the underlying law. As discussed in United States v. Klein, 80 U.S. (13 Wall.) 128, 147, 20 L.Ed. 519 (1872), Congress may not prescribe a rule of decision in a pending case where "no new circumstances have been created by legislation." In Klein, Congress had passed a statute forbidding courts from considering a pardon as evidence of loyalty during the Civil War. The statute did not change the legal effect of the pardon in any other respect. The Court held that such Congressional interference in pending cases without changing the underlying law "passed the limit which separates the legislative from the judicial power." Id.
Nothing in Robertson v. Seattle Audubon Society, ___ U.S. ___, 112 S.Ct. 1407, 118 L.Ed.2d 73 (1992) undermines the continuing validity of the Klein doctrine of separation of powers. Robertson, which addressed the constitutionality of timber legislation affecting the northern spotted owl, specifically refrained from narrowing or overruling Klein. Id. at ___, 112 S.Ct. at 1414. In fact, the Robertson Court applied the Klein doctrine. The Court in Robertson concluded that the timber statute changed underlying law, rather than directing specific results under old law. Id. at ___, 112 S.Ct. at 1413. As a result, it upheld the timber statute as constitutional.
In enacting Section 27A, Congress has directed how the Lampf limitations period should apply to pending cases without establishing or changing underlying law. Much as Klein was unconstitutional because it directed the effect courts should give to a pardon, Section 27A is unconstitutional because it directs the effect courts should give to a limitations period. Subsection (a) of the statute does not adopt or change the law regarding the statute of limitations. Rather, it attempts to turn back the clock to June 19, 1991  the day before Lampf and Beam were announced. It directs courts to follow the statute of limitations which existed on June 19, 1991, without changing the law of Lampf. That Congress did not change the underlying law is clear because the statute allows the Lampf limitations period to continue as it applies to future cases. It merely denies retroactive application of the Lampf limitations period.
Subsection (b) goes even further in directing the outcome of pending cases. Subsection (b) requires courts that have applied Lampf retroactively to change their decisions. Upon timely filed motion, those courts are explicitly directed to reinstate dismissed claims. By so doing, Section 27A(b) interferes with the finality of judicial decisions. In addition, it clearly violates the Klein doctrine by directing a decision in pending cases.
*115 Moreover, the legislative history of Section 27A makes it clear that at least some members of Congress sought to direct a particular outcome in pending cases. Some Members of Congress stated that they did not want claims against Charles Keating, Michael Milken and other notorious figures in well-publicized financial scandals to be dismissed. See Brichard, 788 F.Supp. at 1102-04, 1105. In advocating Section 27A, one Congressman stated that "with one stroke of the pen the Lampf Court signed over a multibillion dollar check to Michael Milken, Charles Keating and a coalition of special interests". Id. at 1106, citing 137 Cong.Rec. H11,812 (Nov. 26, 1991) (remarks of Representative Markey). The legislative history further concludes that "it's simply not fair that a fraud case of such magnitude be dismissed by an arbitrary, legal technicality." Id., citing 137 Cong.Rec. S17,725 (Nov. 22, 1991). Such comments make it clear that Congress sought to direct courts to ignore the statute of limitations in these pending cases. Because a court's decision on the statute of limitations may, as here, be dispositive as to plaintiffs' claims, Section 27A effectively directs the outcome of pending cases.
Such attempts by Congress to direct the outcome of pending cases interfere with the exclusive province of the judiciary to apply and interpret the law. As such, Section 27A violates the separation of powers and is unconstitutional.

B. Section 27A violates Beam.
In addition, Section 27A violates the constitutionally-based rule against selective prospectivity announced in James B. Beam Distilling Co. v. Georgia, ___ U.S. ___, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991). By turning the clock back to June 19, 1991, Section 27A interferes with the Beam rule of retroactivity. Beam held that, where the Supreme Court announces a new rule of law in a decision and applies that rule of law retroactively to the parties before it, other courts must also apply the new rule retroactively. Beam prohibited selective prospectivity because that practice allows a new rule of law to be applied retroactively to some litigants but not others. ___ U.S. at ___, 111 S.Ct. at 2446. Such a situation is unconstitutional because it fails to treat similarly situated litigants equally. Id. at ___, 111 S.Ct. at 2446-47 (Justice Souter for the Court); See also Concurring Opinions of Justices Blackmun and Scalia, at ___ - ___, 111 S.Ct. at 2449-50 (announcing a constitutional basis for Beam).
By prohibiting retroactive application of the Lampf decision, Section 27A violates Beam's rule against selective prospectivity. As made clear from the legislative history discussed above, some Members of Congress wanted to select certain defendants, such as Milken and Keating, and ensure that they did not receive the benefit of the newly announced uniform federal limitations period. In Beam, the Court made clear that the Constitution forbids manipulation of principles of retroactivity in this manner. As such, Section 27A is also unconstitutional under Beam.

IV. Conclusion.
For the reasons stated above, Plaintiffs' motion for partial vacatur and modification of the court's October 19, 1991 amended opinion and order on federal statutes of limitations is denied. Plaintiffs failed to comply with the terms of Section 27A(b) for reinstatement of claims dismissed against Andersen because their motion is untimely. Moreover, Plaintiffs' motion is denied because it is based on an unconstitutional statute, Section 27A, which violates the separation of powers.
NOTES
[1] Of the cited cases which found Section 27A constitutional, none discussed the issue of constitutionality for more than a paragraph. Rather, these three cases merely conclude, without analysis, that Section 27A does not direct a particular decision in securities fraud actions. Also, the TBG court limited its holding of constitutionality to Section 27A(a), without addressing Section 27A(b).