**James M. LUNDY, et al., Plaintiff,**

**v.**

**MORGAN STANLEY & CO., Defendant.**

**No. C 90–2796 BAC.**

United States District Court,
N.D. California.

June 29, 1992.

Richard M. Heimann, Daniel C. Girard, William M. Audet, Lieff, Cabraser & Heimann, San Francisco, Cal., for plaintiff.

John N. Hauser, Charmaine F. Mesina, McCutcheon, Doyle, Brown & Enerson, San Francisco, Cal., James W.B. Benkard, Stephen D. Hibbard, Frederick R. Kessler, Davis Polk & Wardwell, New York City, for defendant.

## ORDER

CAULFIELD, District Judge.

This matter comes before the court on plaintiff's motion to reinstate its Section 10(b) claims. Upon consideration of the briefs and arguments of the parties, plaintiff's motion is GRANTED.

## BACKGROUND

The plaintiff class in this matter filed this action stating several claims under Section 10(b) of the Securities and Exchange Act of 1934, and Rule 10b–5 of the Securities and Exchange Commission promulgated thereunder. On November 12, 1991, Chief Judge Thelton Henderson dismissed plaintiff's Section 10(b) claims pursuant to the retroactive application of the statute of limitations established by the United States Supreme Court in *Lampf, Pleva, Lipkind, Prupid & Petigrow v. Gilbertson,* — U.S. ——, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991). *Lampf* held that all claims under Section 10(b) and Rule 10b–5 must be filed within one year after the date of discovery of the facts constituting the violation, but in no event later than three years after the violation.

On December 19, 1991, President Bush signed into law the Comprehensive Deposit Insurance Reform and Taxpayer Protection Act of 1991, Pub.L. No. 102–242 §§ 476, 27A, 105 Stat. 2236. Section 476 of the Act amended the Securities and Exchange Act

of 1934 by adding Section 27A. 15 U.S.C. § 78aa–1. Section 27A of the Act provides:

(a) *Effect on Pending Causes of Action.* The limitation period for any private civil action implied under section 10(b) of this Act that was commenced on or before June 19, 1991, shall be the limitations period provided by the laws applicable in the jurisdiction, including principles of retroactivity, as such laws existed on June 19, 1991.

(b) *Effect on Dismissed Cause of Action.* Any private action implied under Section 10(b) of this Act that was commenced on or before June 19, 1991:

(1) which was dismissed as time barred subsequent to June 19, 1991, and

(2) which would have been timely filed under the limitations period provided by the laws applicable in the jurisdiction, including principles of retroactivity, as such laws existed on June 19, 1991,

shall be reinstated on motion of the plaintiff not later than 60 days after the enactment of this section.

Plaintiff timely filed this motion within 60 days after the enactment of Section 27A. Defendant opposes plaintiff's motion for reinstatement, arguing that Section 476 is an unconstitutional encroachment on the powers of the Federal Judiciary because it prescribes rules of decision in pending cases.[1]

## DISCUSSION

In the short time since Section 27A has been enacted, it has been the subject of numerous constitutional challenges in federal district courts throughout the country. These constitutional challenges are a testament to the somewhat precarious wording of the statute. However, it is not the role of this court to pass judgment on Congress' word and phrase choices. Defendant's challenge to this legislation merely asks this court to determine whether or not

---

1. The Attorney General has not been advised that the constitutionality of Section 27A has been challenged as required by 28 U.S.C. § 2403. However, defendants have filed with the court briefs filed by the U.S. Attorney in *In re Brichard Securities Litigation,* 788 F.Supp. 1098 (N.D.Cal.1992), in which defendants in that matter also challenged the constitutionality of Section 27A. The court has reviewed and considered the arguments made by the government in response to defendant's opposition to plaintiff's motion for reinstatement pursuant to Section 27A in that case.

Section 27A violates Article III of the United States Constitution.

First, it should be noted that the Constitutional challenge to Section 27A posed by defendant is narrow; "whether Congress, rather than withdrawing the jurisdiction of Article III courts, may control the exercise of that jurisdiction by limiting the power of Article III courts to judge independently the questions of law and fact in cases which come before them." Laurence H. Tribe, *American Constitutional Law,* at 49 (1988). As the issue raised by defendant goes to the heart of the separation of powers contemplated by the constitution, in addressing this issue it is incumbent upon this court to apply certain firmly established rules of statutory interpretation.

 It is well settled that unless the language of the statute "compel[s] an odd" or "absurd" result, the court must look to its plain meaning. *Green v. Bock Laundry Machine Co.,* 490 U.S. 504, 509, 109 S.Ct. 1981, 1984, 104 L.Ed.2d 557 (1989); *Public Citizen v. United States Dept. of Justice,* 491 U.S. 440, 470–71, 109 S.Ct. 2558, 2575, 105 L.Ed.2d 377 (1989) (Kennedy, J., concurring). Moreover, if reasonably possible, this court must construe acts of Congress in a way that would render them constitutional. *Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg. & Constr. Trades Council,* 485 U.S. 568, 575, 108 S.Ct. 1392, 1397, 99 L.Ed.2d 645 (1988). When faced with a constitutional challenge to an act of Congress, this court must prudently exercise its power of judicial review. As Chief Justice Marshall stated:

"The question, whether a law be void for its repugnancy to the constitution, is, at all times, a question of much delicacy, which ought seldom, if ever, to be decided in the affirmative, in a doubtful case ... [I]t is not on slight implication and vague conjecture that the legislature is to be pronounced to have transcended its powers, and its acts to be considered as void. The opposition between the constitution and the law should be such that the judge feels a clear and strong conviction of their incompatibility with each other."

*Fletcher v. Peck,* 10 U.S. (6 Cranch) 87, 128, 3 L.Ed. 162 (1810).

 The court detects no such opposition between the constitution and Section 27A. Congress may enact legislation that affects pending cases. *United States v. The Schooner Peggy,* 5 U.S. (1 Cranch) 103, 2 L.Ed. 49 (1801). While Congress may not enact legislation which "prescribes a rule of decision to the judicial department of the government in pending cases before it" (*U.S. v. Sioux Nation of Indians,* 448 U.S. 371, 398, 100 S.Ct. 2716, 2732, 65 L.Ed.2d 844 (1980); *U.S. v. Klein,* 80 U.S. (13 Wall.) 128, 20 L.Ed. 519 (1871)), it may enact legislation applicable to pending cases that substantively or procedurally changes or amends existing law. *Seattle Audubon Soc. v. Robertson,* 914 F.2d 1311, 1315 (9th Cir.1990), *rev'd on other grounds, Robertson v. Seattle Audubon Soc.,* —— U.S. ——, 112 S.Ct. 1407, 118 L.Ed.2d 73 (1992).

Defendant maintains that Section 27A does not constitute a substantive change or amendment to existing legislation. In support of its position, defendant relies primarily on *U.S. v. Klein,* 80 U.S. (13 Wall.) 128, 20 L.Ed. 519 (1871). *Klein* is distinguishable from this matter. Plaintiff in *Klein* sued for the return of the proceeds of the sale of property sold by federal agents during the Civil War. The action was brought pursuant to a statute that gave noncombative confederate landowners a cause of action to recover such proceeds upon proof of loyalty to the federal government. A general pardon was issued by President Johnson in 1868 which made it possible for the former confederates to file claims with the Court of Claims. In an earlier decision, *U.S. v. Padelford,* 76 U.S. (9 Wall.) 531, 19 L.Ed. 788 (1870), the Supreme Court held that receipt of a presidential pardon was sufficient proof of loyalty under the recovery statute. Since the plaintiff's decedent in *Klein* had received such a pardon, the Court of Claims awarded recovery.

While the government's appeal from the Court of Claims' decision was pending, Congress passed a statute providing that a pardon was inadmissible as proof of loyalty

to the federal government under the recovery statute, and that acceptance of a pardon was, under most circumstances, conclusive evidence that the individual had given aid to the Confederacy. The statute also directed the Supreme Court and the Court of Claims to make a factual determination that any claimant who accepted a presidential pardon without disclaiming previous disloyalties was in fact disloyal and, therefore, not entitled to proceeds under the recovery statute. The statute further directed the Supreme Court to dismiss any case in which a claimant had prevailed in the Court of Claims if the claimant prevailed upon proof of loyalty by presidential pardon. *Id.* 80 U.S. at 136–143.

The Supreme Court found that the statute violated the separation of powers doctrine because it "impair[ed] the effect of a pardon, ... thus infringing the constitutional power of the Executive." 80 U.S. at 147. The Court also found that the statute prescribed a rule of decision in a case pending before the courts without changing the substantive law underlying the litigation, and did so in a manner that required the courts to decide the case in the government's favor. *Id.* at 146–147.

In ruling that the legislation addressed in *Klein* was unconstitutional, the court noted:

> "In the case before us no new circumstances have been created by the legislation. But the court is forbidden to give effect to evidence which, in its own judgment, such evidence should have, and is directed to give it an effect precisely the contrary. We must think that Congress has inadvertently passed the limit which separates the legislative from the judicial power."

*Klein,* 80 U.S. at 147. In *Klein,* the court was directed to ignore the presidential pardon and make certain findings of law and fact. The legislation violated the separation of powers between Congress and the Executive by attempting to invalidate the effects of the presidential pardons. The statute also violated the separation of powers between Congress and the Judiciary by directing courts to make certain findings of law and fact. Congress had no authority to do either of those acts.

In contrast, Section 10(b) was changed as a result of the enactment of Section 27A. Prior to the December 19, 1991 enactment of Section 27A, the statute of limitations for all Section 10(b) claims was that contained in the Supreme Court's decision in *Lampf.* In *James B. Beam Distilling Co. v. Georgia,* —— U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), decided the same day as *Lampf,* the Court held that it is "error to refuse to apply a rule of federal law retroactively after the case announced by the rule has already done so." *Id.* 111 S.Ct. at 2446. Accordingly, courts that have applied *Lampf* have done so retroactively. By enacting Section 27A, Congress changed the law by reviving those claims which had been timely filed prior to the Court's decisions in *Lampf* and *Beam.* Section 27A does not "proscribe a rule for a decision of a cause in a certain way...." *Klein,* 80 U.S. at 147. Section 27A substantively changes the statute of limitations applicable to Section 10(b) cases filed on or before June 19, 1991.

This interpretation of *Klein* is supported by recent Ninth Circuit authority. In *Atmospheric Testing Litigation,* 820 F.2d 982 (9th Cir.1987), *cert. denied,* 485 U.S. 905, 108 S.Ct. 1076, 99 L.Ed.2d 235 (1988), the court held:

> "[t]he better reading of *Klein* is quite narrow and construes the case as holding only that Congress violates the separation of powers when it presumes to dictate how the court should decide an issue of fact (under the threat of loss of jurisdiction), and purports to bind the court to decide a case in accordance with a rule of law *independently unconstitutional on other grounds.*"

820 F.2d at 992 (emphasis added) (citing *United States v. Brainer,* 691 F.2d 691, 695 (4th Cir.1982) (quoting *Hart & Wechsler's The Federal Court and the Federal System* 316 n. 4 (2d ed. 1973)).

▪ Under *Klein,* the challenged legislation is independently unconstitutional on other grounds if congress attempts to control the court's *ultimate* decision on the

merits of a claim. *United States v. Sioux Nation of Indians,* 448 U.S. at 405, 100 S.Ct. at 2735. The Supreme Court's decision in *Lampf* effectively created a statute of limitations defense for certain Section 10(b) and Rule 10b–5 claims. In enacting Section 27A Congress substantively changed the law by withdrawing the statute of limitations defense. Where challenged legislation merely withdraws a defense so that the legal claim can be decided on the merits, no conflict exists between the constitution and the legislation. *Id.*[2]

■ Section 27A neither directs the courts to make certain findings of fact, nor mandates the application of law "independently unconstitutional on other grounds". Section 27A changed the statute of limitations for certain Section 10(b) claims, but leaves the application of the rules of law entirely to the judiciary. Accordingly, the separation of powers doctrine is not offended. *Atmospheric Testing Litigation,* 820 F.2d at 992.[3]

## CONCLUSION

For the foregoing reasons plaintiff's motion for reinstatement of its Section 10(b) claims is GRANTED.

---

[2] The amendment at issue in the present case, however, like the Special Act at issue in *Cherokee Nation,* waived the defense of res judicata so that a legal claim could be resolved on the merits. Congress made no effort in either instance to control the Court of Claims' ultimate decision of that claim.
*Sioux Nation,* 448 U.S. at 406, 100 S.Ct. at 2736.

[3] In finding that Section 27A is not unconstitutional, this court agrees with other courts which have addressed this issue. *Bankard v. First Carolina Communs., Inc.,* No. C 89–8571, 1992 WL 3694 (N.D.Ill., Jan. 6, 1992); *Ayers v. Sutliffe,* 1992 WL 100132, 1992 U.S.Dist. LEXIS 3219 (S.D.Ohio, Feb. 11, 1992); *In re American Continental Corp./Lincoln Sav. and Loan Sec. Litig.,* MDL 834 (D.Ariz., Feb. 7, 1992); *Ades v. Deloitte & Touche,* 1992 WL 6142, 1992 U.S.Dist. LEXIS 12 (S.D.N.Y., Jan. 3, 1992); *Schick v. Ernst &*

*Young,* 141 F.R.D. 23 (S.D.N.Y.1992); *Mekhjian v. Wollin,* 782 F.Supp. 881 (S.D.N.Y.1992); *Venturtech II v. Deloitte Haskins & Sells,* 790 F.Supp. 574 (E.D.N.C.1992); *In re Melridge, Inc. Securities Litigation,* No. 87–1426–JU, 1992 WL 58265 (D.Ore., March 20, 1992). Other courts have found Section 27A unconstitutional: *In re Brichard Securities Litigation,* 788 F.Supp. 1098 (N.D.Cal.1992), in which the court found that Section 27A did not constitute a change in the law. *See also H.D. Plaut, et al. v. Spendthrift Farm, Inc., et al.,* 789 F.Supp. 231 (E.D.Ky.1992), in which the court found that Section 27A is unconstitutional as applied because it required the court to reinstate a cause of action upon which a final judgment had been entered. As no final judgment has been entered in this matter, the court need not reach the issue raised in *H.D. Plaut.*